UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN THE MATTER OF THE COMPLAINT OF
LAWRENCE W. HALL and WESLEY BRYANT,
as Owners of a 2017 Tidewater 210 LXF with Hull        CASE NO. 6:19-cv-235-37-GJK
ID Number NLPZF1211617, its engines, tackle,
Apparel, etc. for Exoneration from or Limitation
of Liability,

    **Petitioners.**

_____

REPORT AND RECOMMENDATION

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PETITIONERS RENEWED UNOPPOSED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. 20)** |
| **FILED:** | September 24, 2019 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

  I.  **BACKGROUND.**

  On February 6, 2019, Petitioners filed a statutory action in admiralty, pursuant to 46 U.S.C. § 30501 *et seq.*, for exoneration or limitation of liability as owners of a 2017 Tidewater 210 LXF with Hull ID Number NLPZF1211617 and its engines, tackle, and apparel. Doc. No. 1. On March 11, 2019, this Court entered an order approving Petitioners' security and directing issuance of Monition ("Notice to Claimants"). Doc. No. 5. On March 12, 2019, the Clerk of Court issued the Notice to

Claimants.  Doc. No. 6.  On April 19, 2019, Petitioners filed a Notice of Filing Affidavit of Proof of Publication attesting to publication of the Notice to Claimants in *The Orlando Sentinel* on March 20, 2019, March 27, 2019, April 3, 2019, and April 10, 2019.  Doc. Nos. 7, 7-1.  On July 3, 2019, Petitioners filed a Notice of Compliance with Supplemental Rule F(4) and indicated that the Complaint, Order, and Notice to Claimants were delivered via certified mail, return receipt requested, to Brian Hooker, Barbara Hooker, Estate of Brian Hooker, The Rawlings Group ("Rawlings"), and Blue Cross & Blue Shield of Florida, Inc. ("Blue Cross").  Doc. No. 12.

On April 26, 2019, Barbara Hooker filed an Answer and Affirmative Defenses and a claim on behalf of herself and the Estate of Brian Hooker.  Doc. Nos. 8 and 9.  On July 25, 2019, clerk's defaults were entered as to Rawlings, Blue Cross, and "any and all claimants who have failed to plead or otherwise defend."  Doc. Nos. 14, 15, and 16.  On September 24, 2019, Petitioners and Barbara Hooker, individually and as the Personal Representative of the Estate of Brian Hooker, filed a Joint Notice of Settlement.  Doc. No. 19.[1]

On September 24, 2019, Petitioners filed an unopposed motion for entry of final default judgment against Rawlings, Blue Cross, and "any and all claimants who have failed to plead or otherwise defend" (the "Motion").  Doc. No. 20.  Petitioners argue that they have provided notice as required by the supplemental rules and, as such, they are entitled to a final default judgment against Rawlings, Blue Cross, and "any and all claimants who have failed to plead or otherwise defend."  Doc. No. 20.

## II.     APPLICABLE LAW.

In an action to exonerate or limit liability from claims arising out of maritime accidents, an owner may follow the procedure set forth in Supplemental Rule F(1) by filing a Complaint with the

---

[1] On October 7, 2019, a Joint Stipulation of Dismissal with Prejudice as to Hooker was filed.  Doc. No. 21.

District Court and providing security equal to the owner's interest in the vessel. Fed. R. Civ. P. Supp. R. F(1).

> Upon the owner's compliance with subdivision (1) . . . the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Fed. R. Civ. P. Supp. R. F(4). "Claims shall be filed and served on or before the date specified in the notice." *Id.* at F(5). A default judgment may be entered against any potential claimant who fails to respond to the public notice within the established notice period so long as petitioner has complied with the requirements of Supplemental Rule F(4). *In re Ruth*, No. 8:15-cv-2895, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation approved sub nom. In re 37' 2000 Intrepid Powerboat*, 2016 WL 4667385 (Sept. 7, 2016); *In re Mann*, No. 8:16-cv-3370, 2017 WL 11113423, at *2 (M.D. Fla. May 4, 2017).

### III.    ANALYSIS.

The Court finds that Petitioners have fulfilled their obligations under Rule F and entry of a final default judgment against Rawlings, Blue Cross, and any other potential claimants is warranted. The Notice to Claimants, executed by the Clerk's office and published by Petitioners, required any claims to be filed on or before April 29, 2019. Doc. No. 6 at 1. Petitioners

published the Notice to Claimants for four consecutive weeks in *The Orlando Sentinel* as directed by this Court's Order. Doc. Nos. 5 at 4, 6, 7. Petitioners also mailed a copy of the Notice to Claimants to Barbara Hooker, Brian Hooker, and the Estate of Brian Hooker, as well as potential claimants Rawlings and Blue Cross. Doc. Nos. 5 at 4, 12. Only Barbara Hooker, individually and as the personal representative of the Estate of Brian Hooker, made a timely claim. Doc. Nos. 8, 9. No other claimants filed a claim or answer within the established notice period. Defaults were entered against Rawlings, Blue Cross, and "any and all claimants who have failed to plead or otherwise defend." Doc. Nos. 14, 15, 16.

### IV.    CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 20) and a default judgment be entered against Rawlings, Blue Cross, and "any and all claimants who have failed to plead or otherwise defend."

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on October 31, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Presiding District Judge
Unrepresented parties